## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| KIMBRELYN CHATMAN, o*n behalf of herself and others similarly situated* | ) ) ) | **CIVIL ACTION NO.** `3:14-cv-00526-CMC` |
| Plaintiff, | ) ) | **COMPLAINT** |
| vs. | ) ) | |
| GC SERVICES, LP | ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) ) | |
| _____ | ) | |

### NATURE OF ACTION

1.    This is a class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court under 28 U.S.C. §1391(b), as the acts and transactions giving rise to Kimbrelyn Chatman's ("Plaintiff") action occurred in this district, Plaintiff resides in this district, and GC Services, LP ("Defendant") transacts business in this district.

### PARTIES

4.    Plaintiff is a natural person who at all relevant times resided in the State of South Carolina, County of Richland, and City of Columbia.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6.    Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.    Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.    Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant (the "Debt") arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10.    Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.    In connection with the collection of the Debt, on May 6, 2013, at 9:40 a.m., Defendant placed a call to Plaintiff's cellular telephone number, and at such time, left the following voice message:

> This message is intended for Kim Chatman. My name is Olivia [last name inaudible]. It is important for you to return my call. My number is 866-862-2789.

2

12.    In connection with the collection of the Debt, on May 15, 2013, at 8:24 a.m., Defendant placed a call to Plaintiff's cellular telephone number, and at such time, left the following voice message:

> Hello, this message is intended for Kim Chatman. My name is Angel [last name inaudible]. Please return my phone call at 866-862-2789. Thank you.

13.    Defendant did not, through its May 6, 2013 and May 15, 2013 voice messages, meaningfully disclose the caller's identity.

14.    Defendant did not, through its May 6, 2013 and May 15, 2013 voice messages, state its name.

15.    Defendant did not, through its May 6, 2013 and May 15, 2013 voice messages, state its agents' duties, role, or position.

16.    Defendant did not, through its May 6, 2013 and May 15, 2013 voice messages, state the nature of its business.

17.    Defendant did not, through its May 6, 2013 and May 15, 2013 voice messages, disclose that it was a debt collector.

18.    Defendant did not, through its May 6, 2013 and May 15, 2013 voice messages, disclose that the purpose of its calls was to collect a debt.

19.    Defendant did not, through its May 6, 2013 and May 15, 2013 voice messages, disclose that any information it obtained would be used for the purpose of collecting a debt.

20.     Defendant, as a matter of pattern and practice, leaves, or causes to be left, voice messages with and/or for alleged consumer debtors, that fail to meaningfully disclose the caller's identity.

21.     Defendant, as a matter of pattern and practice, leaves, or causes to be left, voice messages with and/or for alleged consumer debtors, that fail to state its name.

22.     Defendant, as a matter of pattern and practice, leaves, or causes to be left, voice messages with and/or for alleged consumer debtors, that fail to state its agents' duties, role, or position.

23.     Defendant, as a matter of pattern and practice, leaves, or causes to be left, voice messages with and/or for alleged consumer debtors, that fail to state the nature of its business.

24.     Defendant, as a matter of pattern and practice, leaves, or causes to be left, voice messages with and/or for alleged consumer debtors, that fail to disclose that it is a debt collector.

25.     Defendant, as a matter of pattern and practice, leaves, or causes to be left, voice messages with and/or for alleged consumer debtors, that fail to disclose that the purpose of the respective calls was to collect a debt.

26.     Defendant, as a matter of pattern and practice, leaves, or causes to be left, voice messages with and/or for alleged consumer debtors, that fail to disclose that any information it obtains would be used for the purpose of collecting a debt.

## CLASS ALLEGATIONS

27.     Plaintiff brings this action on behalf of herself and others similarly situated.

28.     Plaintiff seeks to represent a class of individuals defined as:

All persons (1) located in South Carolina, (2) for whom Defendant left, or caused to be left, a voice message, (3) in connection with collection of a consumer debt, (4) within the year preceding this complaint, (3) that failed to state its name, and/or failed to state the nature of its business, and/or failed to disclose that it was a debt collector, and/or failed disclose that the purpose of its calls was to collect a debt.

29.     The class specifically excludes the United States of America, the State of South Carolina, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Fourth Circuit, the Justices of The United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

30.     The class members are so numerous that joinder of all members is impracticable.

31.     The exact number of class members is unknown to Plaintiff at this time, and can be ascertained only through appropriate discovery.

32.     The class members are ascertainable in that, upon information and belief, their names and addresses can be identified in business records maintained by Defendant.

33. There exists a well-defined community of interest in the questions of law and fact that affect the class members.

34. Plaintiff's claims are typical of the class members' claims.

35. Plaintiff's claims, and the class members' claims, originate from the same conduct, practice and procedure on the part of Defendant.

36. Plaintiff's claims are based on the same theory as are the class members' claims.

37. Plaintiff suffered the same injuries as each class member.

38. Plaintiff will fairly and adequately protect the class members' interests in this matter.

39. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the class members' interests.

40. Plaintiff will vigorously pursue the class members' claims in this matter.

41. Plaintiff has retained counsel experienced and competent in class action litigation.

42. Plaintiff's counsel will vigorously pursue this matter.

43. Plaintiff's counsel will assert, protect, and otherwise represent the class members in this matter.

44. The questions of law and fact common to all class members predominate over questions that may affect individual class members.

45. Issues of law and fact common to all class members are:

a.  Defendant's violations of the FDCPA;

b.  Whether Defendant has a practice and policy of failing to provide disclosures mandated by the FDCPA;

c.  The existence of Defendant's identical conduct;

d.  The availability of statutory penalties; and

e.  The availability of attorneys' fees and costs.

46.    A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

47.    If brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

48.    The pursuit of separate actions by individual class members would, as a practical matter, be dispositive of the interests of other class members, and could substantially impair or impede their ability to protect their interests.

49.    The pursuit of separate actions by individual class members would create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

50.    These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

51.    The damages suffered by each individual class member may be relatively small; thus, the expense and burden to litigate each of their claims

individually make it impossible for the class members to redress the wrongs done to them.

52.     The pursuit of Plaintiff's claims, and the class members' claims, in one forum will achieve efficiency and promote judicial economy.

53.     There will be no difficulty in the management of this action as a class action.

54.     Defendant has acted or refused to act on grounds generally applicable to the class members, making final declaratory or injunctive relief appropriate.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

55.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

56.     Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

57.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

58.     Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

## TRIAL BY JURY

59. Plaintiff is entitled to and hereby demands a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a) Determining that this action is a proper class action;

b) Certifying Plaintiff as a class representative, and Plaintiff's counsel as class counsel;

c) Designating this complaint as the operative complaint for class purposes;

d) Adjudging and declaring that Defendant violated 15 U.S.C. § 1692d(6) and 15 U.S.C. 1692e(11);

e) Awarding Plaintiff, and members of the class, statutory damages.

f) Awarding Plaintiff, and members of the class, reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff, and members of the class, any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Holly E. Dowd
Holly E. Dowd (S.C. Bar No. 77897)
822 Camborne Place
Charlotte NC 28210
(888) 595-9111 ext. 260
(866) 565-1327 (fax)
hdowd@attorneysforconsumers.com
ATTORNEY FOR PLAINTIFF

Aaron D. Radbil (*pro hac vice*
application to follow)
Greenwald Davidson PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Phone 561.826.5477
aradbil@mgjdlaw.com
ATTORNEY FOR PLAINTIFF