IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| KIMBRELYN CHATMAN, on behalf of herself and others similarly situated, | ) ) ) | Civil Action No. 3:14-cv-00526-CMC |
| Plaintiff, | ) ) | ORDER DENYING MOTION TO DISMISS |
| v. | ) ) | |
| GC SERVICES, LP | ) ) | |
| Defendant. | ) ) | |

This matter is before the court on Defendant's motion to dismiss for lack of subject matter jurisdiction. ECF No. 28. Defendant argues that Plaintiff lost standing to proceed with this putative class action following Defendant's offer of judgment of the maximum relief Plaintiff could have received for her individual claims. For the reasons set forth below, the motion is denied.

**BACKGROUND**

**Complaint.** Plaintiff asserts two claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Both claims relate to two very similar voice messages left on Plaintiff's cellular telephone, the earlier of which was as follows: "This message is intended for Kim Chatman. My name is Olivia [last name inaudible]. It is important for you to return my call. My number is 866-862-2789." ECF No. 1 ¶¶ 11, 12. Plaintiff alleges that the calls violated 15 U.S.C. § 1692d(6) because the calls were made "without meaningfully disclosing the caller's identity." ECF No. 1 ¶ 56 (first claim). She also alleges that the calls violated 15 U.S.C. § 1692e(11) because the caller failed "to notify Plaintiff during each collection contact that the communication was from a debt collector." *Id.* ¶ 58.

In addition to seeking relief on her own behalf, Plaintiff seeks to represent a class defined as follows:

> All persons (1) located in South Carolina, (2) for whom Defendant left, or caused to be left, a voice message, (3) in connection with collection of a consumer debt, (4) within the year preceding this complaint, (3) that failed to state its name, and/or failed to state the nature of its business, and/or failed to disclose that it was a debt collector, and/or failed disclose that the purpose of its calls was to collect a debt.

ECF No. 1 ¶ 28.  Plaintiff seeks relief including a declaration that Defendant violated 15 U.S.C. § 1692d(6) and 15 U.S.C. 1692e(11), statutory damages, and attorneys' fees and costs.  *Id.* ¶ 59(d), (e).

**Motion for Class Certification.**  Plaintiff filed a motion for class certification concurrently with her Complaint.  ECF No. 5.  She also filed a motion to stay briefing of the motion for class certification.  ECF No. 6.  The motion to stay was granted, leaving the motion for class certification pending without briefing for some period of time.  ECF No. 7; *see also* ECF No. 27 (modifying the briefing deadlines in light of the court's denial of Plaintiff's motion to strike and the parties' responses to Local Civil Rule 26.03 interrogatories).

**Offer of Judgment.**  Defendant served Plaintiff with an offer of judgment approximately two weeks after Defendant was served with the Complaint.  *See* ECF No. 16 at 1 (motion to strike offer of judgment).  Plaintiff did not accept the offer.[1]

**Motion to Strike.**  Plaintiff moved to strike the offer of judgment or, in the alternative, to render it ineffective.  ECF No. 16.  This motion was denied by order entered May 28, 2014.  ECF No. 26.  The court relied on the absence of filing in denying the motion to strike.  *Id.* at 26 at 1.  The court declined to address effectiveness of the offer of judgment because the request to do so sought

---

[1] The offer of judgment was not accepted and has never been filed.  *Id.* n.1 (noting Plaintiff was not filing the offer of judgment, even as an exhibit to the motion to strike).

2

an advisory opinion. *Id.* at 2. The court, nonetheless, noted certain language in the majority opinion in *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. __, 133 S. Ct. 1523 (2013), favored Defendant's position that the offer was not ineffective, while strong language in the dissent favored Plaintiff on a point not addressed by the majority. ECF No. 26 at 2-4.

## DISCUSSION

For purposes of this order, the court assumes without deciding that Defendant's offer of judgment affords Plaintiff complete relief to the extent the claims are pursued in her individual capacity. The court further assumes that, under binding Fourth Circuit authority, the unaccepted offer of judgment would preclude Plaintiff from proceeding were her claims pursued solely in her individual capacity. *See, e.g., Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365 (4th Cir. 2012).[2] This leaves the critical question whether the presence of class allegations in the Complaint and the pendency of a motion for class certification (filed with the Complaint) preclude the offer of judgment from rendering Plaintiff's action moot.

Neither party cites to any Fourth Circuit or United States Supreme Court authority on this precise issue. Plaintiff does, however, direct the court to decisions from the Third, Ninth, and Tenth Circuits, each of which holds that a defendant may not moot a putative class action simply by tendering complete individual relief to the named Plaintiff, even before a motion for class certification is filed. ECF No. 29 at 2 (citing *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091-92

---

[2] As noted in this court's earlier order denying Plaintiff's motion to strike, ECF No. 26 at 3 n.3, the rule the Fourth Circuit follows with regard to unaccepted offers of judgment was criticized by the dissent in *Genesis*, on a point which was not addressed by the majority. *Genesis*, 133 S.Ct. at 1534 ("a friendly suggestion to the [courts below]: Re-think your mootness-by-unaccepted-offer theory. And a note to all other courts of appeals: Don't try this at home."). Regardless of the vigor of the dissent, it does not change the rule in *Warren*.

3

(9th Cir. 2011); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249-50 (10th Cir. 2011); *Weiss v. Regal Collections*, 385 F.3d 337, 348 (3d Cir. 2004)).  Plaintiff also directs the court to decisions from the Fifth, Sixth, and Seventh Circuits that reach a similar result when a motion for class certification is pending at the time the offer is made.  *Id.* (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011); *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620 (6th Cir. 2005); *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1051 (5th Cir. 1981)).[3]

Plaintiff notes that Defendant has not cited "a single holding that states otherwise." ECF No. 29.  Defendant does not challenge this assertion on reply.  Instead, Defendant concedes that Plaintiff "cites numerous cases to support her contention that her claims cannot be rendered moot after she moved to certify a class," but argues that the cases on which Plaintiff relies should be disregarded because all "pre-date the *Genesis* opinion or are non-binding on this Court."  ECF No. 32.

As Defendant argues and as noted in the order denying Plaintiff's motion to strike, there is language in the majority opinion in *Genesis* that could support Defendant's position, but only if the reasoning was extended from collective actions under the Fair Labor Standards Act ("FLSA") to class actions under Rule 23 of the Federal Rules of Civil Procedure.  The *Genesis* majority was, however, careful to distinguish Rule 23 class actions from FLSA collective actions.  The majority also assumed without deciding that the named plaintiff's claims were mooted by the underlying offer of judgment (a presumption that prompted a strongly worded dissent).  *See supra* n.2.  These factors

---

[3] In *Damasco*, the court found the action was mooted by an offer of complete relief made before plaintiff moved for class certification.  The court rejected plaintiff's argument that this presented a "buy-off problem" because there was a "simple solution": "Class-action plaintiffs can move to certify the class at the same time that they file their complaint.  The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs." *Id.* at 896; *see also id.* at 895 (noting the Seventh Circuit had "long held that a defendant cannot moot a case by making an offer *after* a plaintiff moves to certify a class") (emphasis in original).

4

weigh against extension of the *Genesis* rationale to abrogate the rule adopted by at least six circuits (and contradicted by none): that an offer of judgment of complete individual relief to the named plaintiff may not moot a class action, at least where a motion for class certification is pending at the time the offer is made. Lacking any contrary circuit court decision or guidance from the Fourth Circuit, this court finds that an offer of judgment will not moot a named plaintiff's claim if the offer is made while a motion to certify the class is pending.[4]

In this case, Plaintiff filed her motion for class certification concurrently with her complaint. The motion for class certification was, therefore, pending at the time the offer of judgment was made. This court finds these facts sufficient to preclude mootness based on the offer of judgment.[5]

IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 16, 2014

---

[4] In *Kensington Physical Therapy, Inc. v. Jackson Therapy Partners, LLC*, 880 F. Supp. 2d 689 (D. Md. 2012), the court held an offer of complete individual relief ineffective to moot the named plaintiff's claims in a putative class action based on the presence of class allegations in the complaint (before a motion for class certification was filed). The court reaffirmed this decision after consideration of *Genesis*. *Kensington Physical Therapy, Inc. v. Jackson Therapy Partners, LLC*, 974 F. Supp. 2d 856 (D. Md. 2013) (also declining to certify the issue for interlocutory appeal).

[5] Given the facts of this case, the court need not decide whether the presence of class allegations in the complaint is sufficient to preclude mootness based on an offer of judgment.